**UNITED STATES of America,**
**Appellee,**

v.

**Andre K. CANTEY, Defendant–**
**Appellant.**

**Docket No. 01–1552.**

United States Court of Appeals,
Second Circuit.

June 5, 2002.

Daniel H. Murphy, II, Pelham, NY, for Appellant.

Joshua A. Levine, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Christine H. Chung, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present WALKER, Chief Judge, JACOBS, and LEVAL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Appellant Cantey was convicted after a jury trial of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and theft of a firearm from a federally licensed firearm dealer, in violation of 18 U.S.C. § 922(u). He appeals, arguing that his trial counsel provided him with constitutionally deficient assistance by failing to present his argument that the theft had been committed by Linda Robinson.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his attorney's "performance was deficient ... [by] showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In this case, Cantey cannot show that his counsel's performance was constitutionally deficient, let alone that it resulted in prejudice. The argument that Cantey now advances would have been a dangerous argument to present at trial, because a jury would likely have considered the case as presenting a choice between the defense's theory, which was contradicted by the testimony of every witness that testified on the matter including the defendant, and the prosecution's theory. Moreover, Cantey's theory that it was Robinson who took the gun was scarcely exculpatory. To the contrary, it would have strongly suggested Cantey's guilt on the theory that he aided and abetted or procured her theft, given the evidence that Cantey entered the store with Robinson, asked to see the gun, and later bought ammunition for it at another store. See 18 U.S.C. § 2. Under the circumstances, we cannot conclude that defense counsel's trial strategy was deficient.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**